A. L. DALTON, ADMR., V. RUTH P. DAVIS.

ACTION BY ADMINISTRATOR TO SELL LANDS OF DECEDENT IS APPEALABLE.

A proceeding by an administrator to sell real estate alleged to have been owned by his intestate at the time of his death, to pay the debts of said estate, is properly brought in the common pleas, and being an action in which neither of the parties is entitled to a trial by jury, is appealable to the circuit court.

HEARD ON MOTION to dismiss Appeal.

SMITH, J.

We are of the opinion that the motion to dismiss the appeal in this case should be overruled. The proceeding by the administrator to sell real estate alleged to have been owned by his intestate at the time of his death, to pay the debts of said estate, was properly brought in the court of common pleas, and it being an action in which neither of the parties was entitled to a trial by jury, it was appealable to the circuit court. In addition to this, other equitable claims are set up by some of the defendants, by answer and cross-petition, and they were appealable. The case was appealed by the administrator who had given bond in this state as such, as found by the common pleas, without giving an appeal bond as the statute provides may be done. Other defendants appealed and gave bond. The case is properly in this court, and the motion is overruled.

*John W. Wolfe* and *George H. Jackson,* for the motion.
*W. A. Hicks,* contra.

---

## PUBLIC CONTRACT.

2 Dec., 269.

[Franklin Circuit Court, March, 1895.]

THE BOARD OF COUNTY COMMISSIONERS OF FRANKLIN COUNTY V. FRANK M. RANCK.

POWER OF COMMISSIONERS TO CONTRACT BEYOND TERM OF BOARD.

A contract for the employment of janitors made by a board of county commissioners, for a period of time extending beyond the time when a change is certain to occur in the persons composing the board, unless made in good faith, in the interest of the public and for a time reasonable under the circumstances, is against public policy and void.

SUMMERS, J.

The record in this case is imperfect and inartificial, and does not present the question sought to be made as clearly as it should; but we think we can dispose of the case notwithstanding the defects.

On the 5th day of January, 1895, the then board of county commissioners assumed to and did enter into a contract in writing with the plaintiff, whereby he was employed as janitor of the courthouse of Franklin county for the year then next ensuing, at the salary therein named of $80 per month, payable monthly; and in pursuance of said contract plaintiff entered upon the discharge of his duties.

On the next day, namely, Sunday, the 6th day of January, the term of office of one member of said board expired; and on the following day his successor was qualified and entered upon the discharge of his official duties. And thereupon the new board adopted a resolution by the terms of which it was declared that the action of the former board in the appointment and employment of the plaintiff, was "reconsidered and rescinded and held as null and void."